# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICHARD CHARLES BERNIER, III; NADEZHDA USTINENKOV,** <br><br> Plaintiffs, <br><br> v. <br><br> **CALIFORNIA HIGHWAY PATROL OFFICER MICHAEL WALKER,** *et al.*, <br><br> Defendants. | 1:18-cv-01131-LJO-SKO <br><br> **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR RECONSIDERATION** <br><br> (ECF NO. 31) |

This case concerns events stemming from the arrest and detention of Plaintiff Richard Bernier, III ("Bernier") on or about the evening of November 7 and early morning of November 8, 2017. *See generally*, First Amended Complaint ("FAC"), ECF No. 10. The FAC alleges federal causes of action arising under 42 U.S.C. § 1983 ("Section 1983"), namely, that Bernier was the victim of excessive force at the hands of several law enforcement officers that evening, resulting in serious injuries to Bernier; that Bernier was subjected to various forms of retaliation for complaining about his treatment during and after the incident; and that Bernier presently is being subjected to retaliatory prosecution for threatening to and then filing a lawsuit based upon the incident. *Id*. ¶¶ 23-31. The FAC also alleges a cause of action under California's Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1; state law causes of action for battery and negligence; and a loss of consortium claim brought by Bernier's wife, Plaintiff Nadezhda Ustinenkov. *Id*. ¶¶ 32-48. The FAC sought damages as well as injunctive relief to prevent the retaliatory prosecution and to expunge any records pertaining to that prosecution. *Id*. at 10. The FAC names as Defendants California Highway Patrol ("CHP") Officers Michael Walker, Pablo Lopez, Corde Spencer, and William Avila; unknown additional CHP officers; unknown Fresno County Sheriff's Department

Deputies; other unknown law enforcement officers; and the County of Fresno ("County"). *Id*. ¶¶ 6-8.

Plaintiff filed this lawsuit August 20, 2018, ECF No. 1., followed by the FAC on December 2, 2018. ECF No. 10. Criminal charges against Bernier remain pending in *People of the State of California v. Richard Charles Bernier*, Case No. F18900078. In January 2019, Defendants moved to stay this case pending resolution of the criminal action. ECF Nos. 17-1 & 18. In a March 14, 2019 Order, the Court dismissed Plaintiffs' claims for injunctive relief pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and granted in part the motion to stay as to the remaining claims. ECF No. 30. Finding that *Heck v. Humphrey*, 512 U.S. 477 (1994), did not presently bar the any claims in the FAC because the underlying criminal case remained pending, the Court nonetheless explained that it is appropriate to stay any Section 1983 claims that <u>may</u> implicate rulings that are likely to be made in the pending state court criminal proceeding. *Id*. at 7 (citing *Nuno v. Reyes*, No. 1:18-CV-0263-DAD-SKO, 2018 WL 1795982, at *4-5 (E.D. Cal. Apr. 16, 2018) ("Because the question of whether a Section 1983 action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, or if the plaintiff is alleging false arrest or a similar claim, a stay may be appropriate until such time as the underlying criminal proceedings are concluded, at which time the court would be in a better position to evaluate whether the Section 1983 action would impugn any conviction resulting therefrom."). Accordingly, the request for a stay was granted as to the entire excessive force claim and the retaliatory prosecution aspects of the First Amendment retaliation claim, with one exception: Because under the present circumstances it is not possible to tell with certainty whether *Heck* will be implicated, it is likewise impossible to know in advance whether the statute of limitations would be subject to deferred accrual. Therefore, as explained in *Wallace v. Kato*, 549 U.S. 384, 393-34 (2007), a Plaintiff wishing to avoid any possible limitations bar should file his or her civil claim, which the federal court should then stay until potentially conflicting criminal proceedings are complete.

The remaining issue addressed by the March 14, 2019 Order was that Plaintiffs indicated they

were in the process of identifying additional defendants that needed to be added to the case before the statute of limitations expires. The Court agreed that Plaintiffs should be permitted to amend the FAC to add new defendants, but declined to permit civil discovery on that issue, finding that plaintiffs "failed to demonstrate that they will be unable to discover what they need in connection with naming defendants in the excessive force and retaliatory prosecution claims through the criminal discovery process." ECF No. 30 at 9. The Court found that "Plaintiffs concede that they have received relevant police reports and that these reports have helped them focus on the proper defendants connected to the excessive force allegations." *Id*.

Plaintiffs now move for reconsideration as to the Court's refusal to permit civil discovery aimed at adding new defendants. ECF No. 31. The premise of Plaintiffs' motion is simple: that the Court misunderstood the factual situation and that, contrary to the Court's factual description, Plaintiffs have not received information sufficient to permit them to identify and name potential Fresno Police Department defendants. In seeking reconsideration of an order, Local Rule 230(j) requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Here, the asserted ground for the motion is a mistake by the Court. *See* Fed. R. Civ. P. 60(b)(1)(allowing Court to relieve a party from an order entered based upon "mistake").

The Court agrees with Plaintiffs that the ground of "mistake" warrants reconsideration here. Defendants indicate in their opposition to the motion for reconsideration that they have, in the context of the criminal proceeding, provided Plaintiffs with some relevant information pertaining to the presence of certain FPD officers at the scene of Plaintiffs' arrest. Specifically, Defendants have provided Plaintiffs with the names of three FPD officers who Defendants concede assisted with the arrest, names handwritten on a discovery receipt provided to Plaintiffs by the assigned Assistant District Attorney. ECF No. 32-1 at 11 of 2. Plaintiffs were also provided with an event report containing a two-paragraph synopsis of the incident, *id*. at 12-13 of 26, as well as a corresponding incident report log. *Id*. at 13-26 of

3

26. The Court has reviewed the documents in detail. As Plaintiffs point out, these documents do not necessarily provide the names of <u>all</u> FPD officers who may have been present, nor do they reveal any details about the role(s) those officers played in the events leading up to, during, and immediately subsequent to the arrest. For example, the synopsis simply summarizes when FPD Officers Rodriguez and Jones arrived on the scene, indicates that Officer Rodriguez's body camera was on during at least some of the incident, and reveals that Officer Rodriguez was made aware that the video from his camera had been requested. The synopsis provides no obviously relevant information about what any FPD officer did at the scene.

To ensure that Plaintiffs are able to comply with the statute of limitations, the record warrants modification of the March 14, 2019 order as follows: Plaintiffs are entitled to discover information sufficient to permit them to amend their complaint to name as defendants FPD officers at the scene of Plaintiffs' arrest. At a bare minimum, Plaintiffs are entitled to conduct civil discovery to determine the identity of any and all FPD officers who were present during the incident. Beyond that, Defendants have an election to make. They may decline to reveal information beyond that related to the presence of FPD officers at the scene. If they do so, the Court will construe that election as a waiver of any motion to dismiss claims brought by Plaintiffs against those officers on the ground of failure to state a claim. Alternatively, Defendants shall respond to narrowly tailored discovery designed to reveal the role(s) any FPD officers played at the scene of the arrest.

IT IS SO ORDERED.

Dated: **April 15, 2019**           **/s/ Lawrence J. O'Neill**
                                  UNITED STATES CHIEF DISTRICT JUDGE